HAMPTON, JR., & CO. (AMERICAN INSULATION CO.) *v.* UNITED STATES (No. 2776) [1]

APPRAISEMENT—NO ALLOWANCE FOR DISCOUNT FOR PREVIOUS SHIPMENT.
    No allowance may be made in appraisement for a discount made in the invoice for previous shipments of defective goods.

[1] T. D. 41880.

United States Court of Customs Appeals, November 19, 1926

APPEAL from Board of United States General Appraisers, Circ. Reapp. 36459

[Affirmed.]

*Walter Evans Hampton* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter* and *Peter A. Abeles*, special attorneys, of counsel), for the United States.

[Oral argument October 19, 1926, by Mr. Hampton and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Asbestos shingles imported from Belgium into the United States at the port of Philadelphia on the 25th of April, 1924, were entered by the importer at their net invoice value, $24,336.73, from which the importer claimed a deduction of $2,350 for worthless and defective shingles. The goods were appraised at their net invoice value.

The importer appealed to reappraisement, and the general appraiser affirmed the appraised value of the goods as found by the local appraiser. From the decision of the general appraiser the importer appealed to the Board of General Appraisers, sitting as appraisers, for a reappraisement of the merchandise. The board affirmed the decision of the general appraiser, and from that decision the present appeal was taken by the importer.

The $2,350 deducted on entry by the importer from the net invoice value was admittedly an allowance made by the manufacturer for worthless and defective shingles previously imported and was not an allowance made by the manufacturer for worthless and defective shingles in the importation here involved.

On the hearing before the general appraiser, testimony was introduced by the importer from which it appeared that there were certain mechanical imperfections in the shingles here under consideration, but how many of the shingles were so affected or to what extent the value of the shingles was impaired by such imperfections, was not disclosed by the evidence. There was testimony on behalf of the importer to the effect that about 15 per centum of the asbestos shingles imported by the importer in the latter part of 1923 were defective and that purchasers of asbestos shingles imported in that year made complaints, as a result of which, report of the defects was made to the manufacturer in October, 1923. The importer claimed and was accorded an allowance for the defective shingles concerning which those complaints were made.

The number of imperfect shingles in subsequent importations was reduced to between 5 and 7 per centum of the total quantity of shingles imported after October, 1923. The sales manager of the concern for which the asbestos shingles were imported examined the importa-

tion here involved but he frankly admits that he kept no separate account of the defective shingles found therein, and that his estimate of 5 to 7 per centum of defectives was based on the *total* number of shingles imported after October, 1923. For all that he knew, or all that we can know, the number of defective shingles in the April, 1924, importation may have been less than 5 per centum of the number then imported. Even if it had been shown that 5 or 7 per centum of the April, 1924, importation was defective, the importer was bound to show to what extent the value of the shingles was thereby impaired.

There is absolutely nothing in the record which would justify us in concluding that 5 to 7 per centum of defectives was not normal in importations or purchases of asbestos shingles and that that fact was not taken into account in fixing their price. If the importer had proven that the manufacturer made an allowance on the *April, 1924, importation,* it might be considered as some evidence that there was a supernormal number of defective shingles in the importation and that its value had been impaired to the extent of the allowance. No such proof was made, however, and we can not assume that an allowance will be made by the manufacturer or that the importation contained a percentage of imperfect shingles which was not taken into account in fixing the price.

In appeals to reappraisement the importer is the complainant, and upon him is imposed the burden of showing by satisfactory evidence that the value of the importation is less than that at which it is appraised. The importer having failed to meet his obligation in that behalf and nothing appearing from the record which would justify us in saying that the appraisement of the general appraiser was incorrect, we must hold that the affirmance of his decision by the Board of General Appraisers was warranted.

The judgment appealed from is, therefore, *affirmed.*